## Downing Estate

*Edgar T. Hammer, Jr.*, for petitioner.
*Christ C. Walthour*, for guardian.

KEIM, J., October 6, 1965.—This matter is before the court on a rule to show cause why the guardian of Alfred Downing, Pittsburgh National Bank, should

not file an account and settle and pay, to the extent possible, the claim of the Commonwealth of Pennsylvania, the sum of $16,723.10, for hospital care and maintenance of its ward out of the assets of the incompetent's estate.

On or about April 28, 1954, Alfred Downing was arrested for the slaying of his wife and charged with murder. While detained at the Westmoreland County Prison, William R. Hohn, Warden, filed a petition for commitment of said Alfred Downing to a hospital for mental diseases. During the time that said incompetent has been in Fairview State Hospital, the Commonwealth of Pennsylvania has paid for his hospital care and maintenance, and for said care and maintenance, petitions the court for this rule to show cause.

The First Jeannette Bank and Trust Company, now by merger and consolidation The Pittsburgh National Bank, was appointed guardian of the estate of Alfred Downing on June 17, 1954, at the above number and term, and has been acting as guardian since the date of said appointment.

We have reviewed the problems submitted in the briefs of all attorneys concerned, together with the applicable laws in this particular matter, and are of the opinion that in so far as the Court of Common Pleas of Westmoreland County is concerned at this particular time, any action taken pertaining to the payment of any moneys from the estate of said incompetent would be premature, and if the said incompetent were to be tried by a jury and found "Not Guilty", the court of common pleas might well give away money to which some other person might be entitled under the laws as administered by the Orphans' Court of Westmoreland County, Pa.

In reviewing this matter, it is our judgment that this case in its entirety should be transferred to the Orphans' Court in and for Westmoreland County, in

order that a proper determination can be made in this matter, particularly in view of the fact that any action taken in the way of disbursing the funds of the alleged incompetent could well be premature at this particular time. Such action may result in the possibility of depriving rightful heirs of moneys due them after the indictment for murder has been properly disposed of.